# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

A.H., et al.,

        Plaintiffs,

v.                                                CIVIL ACTION NO. 2:19-cv-00858

CAMC HEALTH SYSTEM, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Notice of Removal* (Document 1), *Amended Complaint* (Document 7), *Zurich American Insurance Company's Motion to Realign CAMC Health System, Inc. as a Plaintiff and Amend the Caption* (Document 30), *Memorandum of Law in Support of Zurich American Insurance Company's Motion to Realign CAMC Health System, Inc. as a Plaintiff and Amend the Caption* (Document 31), *Answer of Zurich American Insurance Company* (Document 33), and the *First Amended Answer and Cross-Claim of Zurich American Insurance Company* (Document 37). For the reasons stated herein, the Court finds that this matter should be dismissed for lack of a justiciable controversy.

## FACTUAL AND PROCEDURAL BACKGROUND

This action stems from a class action filed by the Plaintiffs in state court, currently pending as Civil Action No. 16-C-497 before the Honorable Jennifer F. Bailey. In the underlying class action, the Plaintiffs assert claims against CAMC Health System, Inc., or Charleston Area Medical

Center, Inc. (CAMC), for harassment and discrimination based upon allegations that the putative class of female patients of CAMC were subjected to nonconsensual vaginal and breast examinations by Dr. Steven R. Matulis, M.D., while the patients were present in CAMC's Endoscopy Suite. In addition to claims concerning sexual harassment and discrimination, the Plaintiffs also assert claims for violations of the West Virginia Human Rights Act, invasion of privacy, and all claims for which coverage under the Not-For-Profit Select Insurance Policy, issued by Zurich American Insurance Company (Zurich) to CAMC, may apply.[1]

Plaintiffs further assert that Defendant CAMC is the Policyholder and named insured under the terms and provisions of the insurance policy issued by Zurich with effective dates of coverage from May 1, 2015 to May 1, 2016. They assert that the claims and allegations in the underlying class action are within the scope of the coverage of the Zurich Policy, in that the alleged misconduct arises out of an "error, misstatement, misleading statement, act, omission, neglect or breach of duty" by CAMC for "actual or alleged violation of any law or public policy concerning discrimination or harassment" as defined in the Policy. (Amend. Compl. at ¶ 42.)

In the present action, the Plaintiffs seek a declaratory judgment from this Court that Zurich is obligated under the terms of an insurance policy, issued by Zurich to CAMC, to provide liability and/or indemnity coverage to CAMC. The Plaintiffs also ask that this Court enter a Declaratory Judgment Order declaring that Zurich must pay all damages, if any, assessed against CAMC based upon said allegations subject to the terms and conditions of the subject Policy.

---

1 The Court will focus only on claims asserted against Zurich because Defendants Vandalia Insurance Company, RSUI Indemnity Company, and Beazley Insurance Company, Inc., were previously dismissed from this suit.

**DISCUSSION**

Defendant Zurich has filed a motion to realign Defendant CAMC as a plaintiff and to amend the caption in this action. As an initial matter, however, the Court must determine that a justiciable case or controversy exists, since it goes to the Court's very power to preside over the case. "[I]nsofar as the presence of a justiciable controversy in the declaratory judgment context is a matter of jurisdictional authority, we consider it sua sponte." *City of Martinsburg v. Berkeley Cty. Council*, 825 S.E.2d 332, 335 (W. Va. 2019).

The Plaintiffs' action is filed pursuant to the Uniform Declaratory Judgment Act, codified at W. Va. Code § 55-13-1 *et. seq*. The Act provides that courts "shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." W. Va. Code § 55-13-1. Courts may, however, "refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." W. Va. Code § 55-13-6. The West Virginia Supreme Court has held that,

> While the Uniform Declaratory Judgment Act . . . does not expressly require a justiciable controversy as a condition precedent to its application, . . . the issue to be determined must be potentially justiciable at some future time when the things sought to be avoided by the declaratory judgment action will have occurred.

*City of Martinsburg*, 825 S.E.2d at 336 (quoting *Robertson v. Hatcher*, 135 S.E.2d 675, 680-81 (W. Va. 1964)). A justiciable controversy consists of "a legal right . . . claimed by one party and denied by another." *Id.*

The United States Constitution provides that courts have the power only to hear "Cases" and "Controversies." U.S. Const. art. III, § 2. The doctrine of standing, which developed

through case law, is designed to ensure that courts do not exceed those constitutionally circumscribed powers. *Spokeo, Inc. v. Robins*, 135 S.Ct. 1540, 1547 (2016). "The irreducible constitutional minimum of standing consists of the following three elements: (1) the plaintiff must have suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "To be clear, if there is no 'case' in the constitutional sense of the word, then a [court] lacks the power to issue a declaratory judgment." *City of Martinsburg*, 825 S.E.2d at 336 (quoting *Cox v. Amick*, 466 S.E.2d 459, 469 (W. Va. 1995) (Cleckley, J., concurring).

The West Virginia Supreme Court has further held that, when determining whether a declaratory judgment action presents a justiciable controversy sufficient to confer jurisdiction, the following four factors should be considered: "(1) whether the claim involves uncertain and contingent events that may not occur at all; (2) whether the claim is dependent upon the facts; (3) whether there is adverseness among the parties; and (4) whether the sought after declaration would be of practical assistance in setting the underlying controversy to rest." *Hustead on Behalf of Adkins v. Ashland Oil, Inc.*, 475 S.E.2d 55, 62 (W. Va. 1996). Moreover, "[w]hether a justiciable controversy exists depends upon the facts present at the time the proceeding is commenced." *Robertson*, 135 S.E.2d at 681.

The Plaintiffs' claim, here, fails to meet the requirements for a justiciable controversy in a declaratory judgment action. First, the claim involves uncertain or contingent events that may not occur at all. The Plaintiffs may not prevail in the underlying class action and, if they do prevail, there is no indication that the damages will not be paid to the Plaintiffs by the proper Defendants. Second, because there is no underlying controversy between the Plaintiffs and the Defendants, the

4

sought-after declaration would not be of practical assistance. And finally, there is no adverseness among the parties. On the contrary, the Plaintiffs are bringing the suit in the stead of Defendants CAMC

The Plaintiffs hold no legal right to the indemnity or liability coverage that Zurich would provide to CAMC. Such coverage, if provided, would accrue to the benefit of CAMC, not the Plaintiffs. The Plaintiffs have made no assertion that, if such coverage is not provided, it would infringe upon any of their vested legal rights. Further, there is no assertion that Zurich's failure to indemnify or provide liability coverage to CAMC would preclude the Plaintiffs from receipt of potential future damages which may be awarded in the underlying class action.

Moreover, the Plaintiffs do not meet the "irreducible constitutional minimum" elements of standing. First, the Plaintiffs have alleged no injury in fact. An injury in fact must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In the amended complaint, the Plaintiffs only cursorily assert that CAMC's actions are covered by the insurance policy issued by Zurich, but do not assert what harm could possibly fall upon the Plaintiffs if the insurance contract were to be breached. Even under the worst-case scenario for the Plaintiffs, injury would still be hypothetical or conjectural. There is no assertion that CAMC is insolvent and could not pay a damages award to the Plaintiffs on its own if Zurich failed to indemnify or provide liability coverage to CAMC. Second, because there is no alleged injury, the challenged conduct cannot be said to be fairly traceable to the harm. And finally, there is no alleged concrete or actual injury or harm to the Plaintiffs that would be redressed by a favorable decision from this Court.

"One problem with friendly or test case lawsuits is that the nominally adverse parties are not truly at each other's throats. The parties do not have the gut-level adversarial incentive that causes a litigant to bring forward all possibly meritorious arguments that might defeat their opponent's claims." *City of Martinsburg*, 825 S.E.2d at 337 (quoting *State ex rel. W. Va. Deputy Sheriff's Ass'n, Inc. v. Sims*, 513 S.E.2d 669, 673 (W. Va. 1998)). A three-prong test applies when determining whether a litigant may assert the rights of a third-party: (1) the litigant must have suffered an injury in fact; (2) the litigant must have a close relationship to the third party; and (3) there must exist some hindrance to the third party's ability to protect his or her own interests. *Kanawha Cty. Pub. Library Bd. v. Bd. of Educ. of Cty. of Kanawha*, 745 S.E.2d 424, 435 (W. Va. 2013) (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)). The West Virginia Supreme Court has noted that,

> Traditionally, courts have been reluctant to allow persons to claim standing to vindicate the rights of a third party on the grounds that third parties are generally the most effective advocates of their own rights and that such litigation will result in an unnecessary adjudication of rights which the holder either does not wish to assert or will be able to enjoy regardless of the outcome of the case.

*Synder v. Callaghan*, 284 S.E.2d 241, 250 (W. Va. 1981).

Looking at the *Powers* factors, the Plaintiffs do not have third-party standing to assert the rights of CAMC in this lawsuit. As noted above, the Plaintiffs currently have suffered no ascertainable injury. The Plaintiffs do not have a close relationship with CAMC—in fact, the Plaintiffs are *directly adverse* to CAMC in the underlying class action lawsuit. Under these circumstances, there is no basis for finding that the Plaintiffs will effectively vindicate the rights of CAMC. Additionally, there is no alleged hinderance to CAMC bringing an action on its own

6

behalf.  If CAMC wishes to pursue an action to have its rights declared under the applicable insurance policy, it could certainly do so.

Therefore, because there is no actual, existing justiciable controversy under the Declaratory Judgments Act, the Court lacks jurisdiction over this matter, and it must be dismissed.

## CONCLUSION

WHEREFORE, after careful consideration, the Court **ORDERS** that this matter be **DISMISSED WITHOUT PREJUDICE** and stricken from the docket.  The Court further **ORDERS** that all pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 13, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA